**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM T. CLARK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-CV-0325-CVE-PJC ) |
| DERRICK DARRIWIN, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On June 10, 2005, Plaintiff, a state prisoner currently housed at the Craig County Jail, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), along with a motion for leave to proceed *in forma pauperis* (Dkt. # 2). By Order filed June 14, 2005 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis*, directed payment of an initial partial filing fee, and ordered Plaintiff to file an amended complaint to cure deficiencies in the original complaint. Plaintiff was instructed to state for each claim how, when, and where the named defendant allegedly violated his civil rights. On June 20, 2005, Plaintiff paid the initial partial fee and filed an amended complaint (Dkt. # 5) as directed by the Court. However, for the reasons stated below, the Court finds that despite amendment, Plaintiff's complaint fails to state a claim upon which relief may be granted. For that reason, this action shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*BACKGROUND*

As stated above, Plaintiff is presently incarcerated at the Craig County Jail, Vinita, Oklahoma. In his amended complaint, Plaintiff names one (1) defendant, Derrick Darriwin, and identifies three (3) claims, as follows: (1) "assult (sic)," (2) deprivation of medication, and (3) misconduct. Plaintiff's claims arise from events occurring in September 2004, at the Ottawa County

Jail. Plaintiff alleges in the "Nature of Case" section of the amended complaint that on September 15, 2004, Defendant Darriwin, identified as the administrator of the Ottawa County Jail, approached him as he was being put in the drunk tank and started choking him. See Dkt. # 5. As his first claim, Plaintiff complains that Defendant assaulted him by slapping him in the face. As his second claim, Plaintiff alleges that on September 15, 2004, Defendant deprived him of medication that had been prescribed by a doctor on September 13, 2004. As his third claim, Plaintiff alleges that Defendant "was not conducting himself in an order becoming of a sworn officer of the law." See id. In his prayer for relief, Plaintiff requests "5,000 x 3 Count 1; 3,000 per Count 2; 2,000 per Count 3; I pray the Court's (sic) find relief." Id. at 5.

## *ANALYSIS*

The Prison Litigation Reform Act of 1996 ("PLRA") provides that a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's pro se pleadings, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. The Court also finds that since Plaintiff has already been afforded an opportunity to amend his complaint to cure deficiencies, further opportunity to amend any of his claims would be futile.

*1. Assault (claim 1)*

As his first claim, Plaintiff alleges that on September 15, 2004, he was assaulted by Defendant who slapped him in the face. According to Plaintiff, he was being transferred to the drunk tank at the time of the alleged assault. Even liberally construing Plaintiff's complaint as alleging that he was subjected to an excessive use of force, his claim is conclusory and fails to state a claim upon which relief may be granted. Although Plaintiff may have been a pretrial detainee at the time of the events giving rise to this claim, pretrial detainees are protected from excessive force that amounts to punishment under the Due Process clause of the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Meade v. Grubbs, 841 F.2d 1512, 1526-27 (10th Cir.1988). In the context of institutional management, it is helpful to reference Eighth Amendment standards applicable to convicted persons. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir.1997) (en banc). Whether force is excessive in violation of the Eighth Amendment depends upon the circumstances confronting the officer as well as the nature and amount of force applied in reaction. Whitley v. Albers, 475 U.S. 312, 321 (1986). Also relevant is the extent of any injury. Hudson v. McMillian, 503 U.S. 1, 9-11 (1992). Minor injury does not preclude an action for excessive force, but "de minimis uses of physical force" ordinarily will not support a claim. Id. at 9-10.

While the conduct alleged in Plaintiff's complaint is unfortunate, it does not violate constitutional protections against excessive use of force. According to Plaintiff, Defendant was effecting a transfer of Plaintiff to the drunk tank at the time of the alleged assault. Prison officials are allowed to use force necessary to maintain order in the facility. Significantly, Plaintiff does not allege that he sustained any injury as a result of being slapped by Defendant. The Court finds that Plaintiff's allegation constitutes a de minimis use of force insufficient to implicate Fourteenth Amendment concerns. See Hudson v. McMillian, 503 U.S. at 9-11; see also El'Amin v. Pearce, 750 F.2d 829 (10th Cir. 1984); Sampley v. Ruettgers, 704 F.2d 491, 494 (10th Cir. 1983). Plaintiff's claim based on an assault by Defendant shall be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Deprivation of medication (claim 2)*

As his second claim, Plaintiff alleges that Defendant "cut off" medication as prescribed by a doctor. Plaintiff's conclusory allegation is insufficient to state a claim of inadequate medical care. To state a § 1983 claim for a violation of a convicted prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to his serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). The same standard applies under the Fourteenth Amendment to allegations made by a detainee. The deliberate indifference standard under Estelle has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Wilson, 501 U.S. at 298-99. Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. Estelle, 429 U.S. at 106; Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993). In

addition, the Tenth Circuit has held that a delay in medical care only constitutes a constitutional violation where the plaintiff can show that the delay resulted in substantial harm. Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001).

The Court finds that the allegations contained in the amended complaint are conclusory and fail to state a claim upon which relief may be granted. Significantly, Plaintiff has failed to allege that he suffered substantial harm as a result of the disruption in his medication. He has also failed to allege that Defendant's action was taken with deliberate indifference to any serious medical need. As Plaintiff has already been afforded an opportunity to amend, the Court finds further amendment would be futile. The Court concludes the complaint fails to state a claim for inadequate medical care.

### *3. Misconduct (claim 3)*

As his third claim, Plaintiff alleges only that Defendant Darriwin engaged in "misconduct." In support of this claim, Plaintiff states that Defendant "was not conducting himself in an order becoming of a sworn officer of the law." Again, the Court finds Plaintiff's claim is conclusory and shall not be allowed to proceed. Plaintiff fails to allege how Defendant's "misconduct" forming the basis of the third claim violated any constitutionally protected right. As Plaintiff has already been afforded an opportunity to amend, the Court finds further amendment would be futile. As to the third claim, the Court concludes the complaint fails to state a claim for which relief may be granted.

## *CONCLUSION*

Plaintiff's amended complaint fails to state a claim upon which relief may be granted and shall be dismissed pursuant to 28 U.S.C. § 1915(e).  As Plaintiff was afforded the opportunity to amend his complaint, the dismissal shall be with prejudice.  This dismissal counts as Plaintiff's first "prior occasion" under 28 U.S.C. § 1915(g).[1]

**ACCORDINGLY IT IS HEREBY ORDERED that:**

1. Plaintiff's civil rights complaint (Dkt. # 1), as amended (Dkt. # 5), is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

2. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. This is a final Order terminating this action.

**IT IS SO ORDERED** this 23rd day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.